**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

KEITH DOUGLAS PHILLIPS                                        PETITIONER

v.                                        CIVIL ACTION NO. 3:10CV-P617-S

BARRY BRADY, JAILER                                        RESPONDENT

## MEMORANDUM OPINION AND ORDER

Petitioner Keith Douglas Phillips filed a *pro se* petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241 (DN 1).  The United States filed an answer (DNs 9 & 11), and

Petitioner filed a reply (DN 13).  Following his reply, Petitioner filed a motion to amend the

respondent and to order Debra Hickey to answer the petition (DN 14).  The United States filed a

motion to dismiss in response to Petitioner's motion to amend the petition (DN 15), to which

Petitioner replied (DN 17).  The matter being ripe for consideration and for the reasons that

follow, the Court concludes that the instant action was improperly filed as a § 2241 petition.  The

Court, therefore, will deny the petition and deny the motions to amend and to dismiss.

**I.**

Petitioner initiated this action while incarcerated at the Grayson County Detention

Center.  In the § 2241 habeas petition, Petitioner challenges his "security classification-assault

on person-illegal classification."  He claims a denial of due process "when transferred to prison

much more restrictive-improper classification."  He explains that in November 2008, he walked

away from La Tuna Camp to see his father who was terminally ill with cancer.  Sometime

thereafter, he was apprehended by the U.S. Marshals and redesignated to FCI-Big Springs, a

low-security facility. On August 5, 2009, he was placed on a "'Lesser-Security' Management

Varible," which allowed his continued placement in the low-security facility.  On September 24,

2009, however, Petitioner's Case Manager Carlisle at FCI-Big Springs "illegally and arbitrarily removed the 'Lesser-Security' Management Varible," stating that he was not going to reward Petitioner for "bad behavior." Petitioner claims that Case Manager Carlisle was retaliating against him for complaining and filing numerous grievances. Consequently, Petitioner was redesignated to FCI-Forrest City, a medium-security facility.

At FCI-Forrest City, on March 31, 2000, an inmate "was snooping" through Petitioner's address book, opined that Petitioner was a cop, and wanted Petitioner out of his cell. Petitioner said that there was no place to move and that the inmate would just have to wait. The other inmate then placed a lock in a sock and began assaulting Petitioner on his legs and upper body. The next morning someone from Internal Affairs placed Petitioner in the Special Housing Unit, stated that Petitioner did not need to be in a medium-security facility, and recommended his transfer. Petitioner's "Unit Team," however, would not place the "'Lesser-Security' Management Varible back on my classification" and transferred him to FCI-Pekin, another medium-security facility.

As relief, Petitioner requests expungement of his incident report for FCI-Pekin, placement of a "'Lesser-Security' Management varible back" on his record, and a transfer back to a low-security facility.

The United States filed an answer to the § 2241 petition, primarily arguing that because a § 2241 habeas petition challenges the fact or duration of confinement, it is not a proper vehicle for challenging Petitioner's conditions of confinement (DNs 9 & 11).

In reply, Petitioner argues that § 2241 is proper as he is challenging the execution of his sentence (DN 13). He additionally cites to *Thompson v. Choinski*, 525 F.3d 205 (2d Cir. 2008) in support of his argument that conditions of confinement are properly challenged by way of a § 2241 petition.

Petitioner additionally filed a motion to amend and answer (DN 14). He advises that he has been transferred to FMC-Lexington and, therefore, seeks to amend the § 2241 petition to name the warden of that facility as respondent and requests that the warden be directed to answer the petition. The United States filed a motion to dismiss in response to Petitioner's motion to amend, effectively arguing that if the motion to amend is granted, then the Eastern District of Kentucky would have jurisdiction over the matter, not this Court (DN 15).

## II.

"In general, a petition for a writ of habeas corpus under § 2241 is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v.Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). "[Section] 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."[1] *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004); *Simms v. United States*, No. 08-43-HRW, 2009 WL 3061994, at *5 (E.D. Ky.

---

[1]Petitioner relies on *Thompson v. Choinski*, 525 F.3d 205 (2d Cir. 2008) in support of his argument that conditions of confinement are properly challenged by way of a § 2241 petition. In *Thompson*, however, the petitioner, following a disciplinary proceeding, lost good-time credits in addition to receiving assignment to a high-security status. The loss of good-time credits is a proper § 2241 challenge. *See, e.g., Blevins v. Lamanna*, 23 F. App'x 216 (6th Cir. 2001) (affirming district court's dismissal of § 2241 habeas petition finding no due process for loss of good-time credits as disciplinary sanction); *Thorn v. Shartle*, No. 4:10 CV 1917, 2011 WL 43241, at *2 (N.D. Ohio Jan. 6, 2011) ("If a constitutional violation has resulted in the loss of good credit time, it affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus.") (citing *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974)).

Sept. 21, 2009) ("The exclusive remedy for challenging the BOP's calculation of a federal

sentence is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241 . . . .") (citation omitted).

Challenges "to [] security classification and place of confinement are 'conditions of

confinement' claims which may only be asserted in a civil rights action under 28 U.S.C. § 1331."

*McCray v. Rios*, No. 08-206-ART, 2009 WL 103602, at *4 (E.D. Ky. Jan. 14, 2009); *Simmons v.*

*Curtin*, No. 10-cv-14751, 2010 WL 5279914, at *1 (E.D. Mich. Dec. 17, 2010) ("Simmons's

challenges to his security classification and resulting transfer to a different facility, however, are

not attacks upon the execution of his sentence, and therefore, are not cognizable under § 2241.")

(citing *McCall v. Ebbert*, 384 F. App'x 55, 57-58 (3d Cir. 2010)). "Under such circumstances,

the proper course is to deny the Petition so that the would-be Plaintiff can properly assert the

claims in a civil rights action." *McCray v. Rios*, 2009 WL 103602, at *4 (citing *Martin v.*

*Overton*, 391 F.3d 710, 714 (6th Cir. 2004)); *McCall v. Ebbert*, 384 F. App'x 55, 57 (3d Cir.

2010) ("McCall's petition challenges his security classification (a condition of his confinement),

and challenges the resulting transfer from one prison to another prison; claims appropriately

brought in a *Bivens*[2] action."); *Bateman v. USP-Big Sandy*, No. 7:10–00146–KKC, 2011 WL

2183553, at *1 (E.D. Ky. June 6, 2001) (concluding that petitioner cannot seek relief from the

conditions of BOP confinement in a § 2241 petition but must submit his claims in a civil rights

action filed under 28 U.S.C. § 1331, pursuant to *Bivens*).

---

[2]In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 390-97 (1971), the U.S.
Supreme Court "recognized for the first time an implied private action for damages against federal
officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534
U.S. 61, 66 (2001).

Because Petitioner's claims are not cognizable in a § 2241 petition for writ of habeas corpus, the Court must dismiss this action without prejudice to the filing of a *Bivens* civil rights action[3] and must deny Petitioner's motion to amend Respondent (DN 14) and the United States's motion to dismiss (DN 15).

The Court will enter a separate Order consistent with this Memorandum Opinion. The **Clerk of Court is DIRECTED** to send Petitioner a form for filing a *Bivens* action should he decide to file such an action.

Date: August 5, 2011

**Charles R. Simpson III, Judge**
**United States District Court**

cc: Petitioner, *pro se*
        Counsel of record
4411.005

---

[3]"Because of the vastly different procedural requirements for habeas petitions and other civil actions brought by prisoners, a court confronted with a habeas petition that is properly brought under 42 U.S.C. § 1983 or *Bivens* should dismiss the petition, rather than 'converting' the petition to a civil action brought pursuant to § 1983 or *Bivens*." *Williams v. Zuercher*, 09-CV-127, 2010 WL 420066, at *4 (E.D. Ky. Feb. 1, 2010) (citing *Martin v. Overton*, 391 F.3d at 713).